OPINION. LeMire, Judge: The question in issue here is whether petitioner is entitled under the relief provisions of section 722, particularly subsections (b) (1) and (b) (4), to a greater average base period net income, and consequently a greater excess profits credit, for the years 1942 to 1945, inclusive, than that allowed by the respondent on the applications for relief filed by the petitioner for those years. Petitioner contends that it qualifies for relief under subsection (b) (1) by reason of the fire which occurred in its plant in 1939, and also under subsection (b) (4) by reason of the changes in the character of its business which occurred during the base period. The respondent has accepted petitioner’s qualifications under (b) (4) by reason of the expansion of petitioner’s retail business and the addition of its wholesale department, Tropical Sun, in the base period years, and has made a partial allowance of petitioner’s claims under this subsection which petitioner deems inadequate. Whether petitioner also qualifies for relief under subsection (b) (1), it is not necessary to decide. The real difference between the parties lies in the reconstruction of petitioner’s normal base period income. The respondent’s computation is shown in finding 21, above. Nothing would be gained here by a prolonged discussion of the methods used and the various steps taken by the petitioner in its proposed reconstruction of sales and expenses and of respondent’s objections to them. The proposed computations involved various business indices, mathematical formulae, and the testimony of expert witnesses. We have undertaken to evaluate the evidence, and the arguments, so as to apply the relief provisions of the statute as accurately and equitably as possible. We are satisfied on the evidence that petitioner is entitled to a somewhat higher average base period net income than allowed by the respondent. On the other hand, we think that the petitioner has been over optimistic in its reconstruction of base period earnings. For instance, the evidence, in our opinion, fails to support petitioner’s contention that the fire which occurred in its plant in April 1939 caused a loss of $150,000 in retail sales of that year. Respondent’s reconstructive Tropical Sun sales for 1939 of $139,630 are, we think, too low. This department was opened in August 1938. It was strictly a wholesale business, whereas petitioner’s previous experience had all been in the retail field. Sales for the balance of the year 1938 amounted to $18,629,85 and for the entire year 1939 were $82,350.18. There was reason to believe that the business would continue to grow. We do not suggest that prospects as of December 31, 1939, for growth in years after 1939 may be taken into account. We mean only that if petitioner had had the advantage of two additional years’ experience during the base period with its Tropical Sun department, it would have attained a higher level of earnings by the end of 1939. We have concluded and found as a fact that $25,000 is a fair and just amount to represent the petitioner’s normal average base period net earnings, after determining what the earnings at the end of the base period would have been had the changes taken place two years earlier than they did and after making proper allowance for fire loss and other unusual events shown by the evidence and for the growth of the new lines of business that were added in the latter part of 1938 and early in 1939. Reviewed by the Special Division. Decision will be entered under Bule 50.